USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AMERICAN SAFETY CASUALTY INSURANCE :
COMPANY,                                                         :
                                                                 :
                Plaintiff,        :      1:13-cv-2825-GHW
                                                                 :
                -against-        :      MEMORANDUM AND ORDER
                                                                 :
WALTER GERASIMOWICZ and MEDITRON :
REAL ESTATE PARTNERS, LLC,                                       :
                                                                 :
                Defendants.       :
------------------------------------------------------------------X
WALTER GERASIMOWICZ,                                             :
                                                                 :
                Third-Party Plaintiff, :
                                                                 :
                -against-        :
                                                                 :
JOHNSON CONTROLS, INC. and NEW YORK :
CITY SCHOOL CONSTRUCTION                                         :
AUTHORITY,                                                       :
                                                                 :
                Third-Party Defendants. :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       Third-party defendants Johnson Controls, Inc. ("JCI") and the New York City School Construction Authority ("SCA") move to dismiss the *pro se* third-party complaint of defendant/third-party-plaintiff Walter Gerasimowicz for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motions are granted.

## BACKGROUND

       According to the allegations in the third-party complaint and the attached exhibits, Gerasimowicz was the Chairman of SMC Electrical, Inc. ("SMC"), an electrical contracting firm. Dkt. No. 51 (Third Party Complaint) ("TPC") ¶ 6. In or around November 2008, JCI awarded SMC a contract to perform construction work on the National September 11 Memorial and Museum (the

"JCI Contract" or the "September 11 Project"). *Id.* ¶ 9. Plaintiff American Safety Casualty Insurance Company ("ASCIC") issued a performance bond on the September 11 Project on behalf of SMC, which was personally guaranteed by Gerasimowicz. *Id.* ¶ 6. In exchange for the bond, SMC entered into an indemnity agreement with ASCIC pursuant to which SMC assigned to ASCIC all of SMC's rights, title, and interest in any actions or claims SMC acquired against JCI. TPC, Ex. 3 (bankruptcy court order establishing ASCIC's ownership of SMC's claims against JCI pursuant to the indemnity agreement).

In 2010, SMC entered into a contract with the SCA to perform work on Erasmus High School (the "SCA Contract" or the "Erasmus Project"). TPC ¶ 19. ASCIC issued a performance bond on the Erasmus Project on behalf of SMC, which was personally guaranteed by Gerasimowicz. *Id.* ¶ 7.

After a dispute arose between the two entities, JCI refused to pay SMC over $3 million dollars for work SMC had performed on the September 11 Project. *Id.* ¶¶ 9-10. As a result, SMC was unable to pay its bills or meet its payroll obligations and was forced to abandon both of the above projects and file for bankruptcy in September 2011. *Id.* ¶¶ 11-12.

JCI subsequently sued ASCIC in state court seeking payment under the performance bond as a result of SMC's default on the JCI Contract. TPC ¶ 13. After the suit was removed to this Court, ASCIC raised various counterclaims against JCI on behalf of SMC related to JCI's failure to compensate SMC for work performed on the September 11 Project. *Id.* ¶ 14; S.D.N.Y. No. 1:12-cv-1171-RA, Dkt. No. 39 (ASCIC Answer). In September 2012, JCI and ASCIC entered into a settlement agreement and voluntarily dismissed their claims against each other with prejudice. *Id.* ¶ 16.

In February 2013, Gerasimowicz approached SMC's bankruptcy trustee with a proposal to purchase the SCA Contract in order to complete work on the Erasmus Project and avoid SMC's

default.  *Id.* ¶ 22.  "However, the [SCA] instead defaulted the [SCA Contract] . . . and did not allow [SMC] to complete its work."  *Id.* ¶¶ 22-23.

## PROCEDURAL HISTORY

In April 2013, ASCIC commenced this action against Gerasimowicz and a second defendant to recover losses incurred on the performance bonds it issued.  In March 2014, Gerasimowicz, proceeding *pro se*, filed a third-party complaint against JCI and the SCA.  Although the precise nature of his claims is not entirely clear, Gerasimowicz seeks damages from JCI in connection with his assertions that JCI "breached its contract with SMC by failing to pay SMC sums owed," and that Patrick McGann, JCI's Project Manager on the September 11 Project, "stated that he would do everything in his power to put SMC out of business."  *Id.* ¶¶ 27-28.  As to his claims against the SCA, Gerasimowicz asserts that the SCA "tortuously [sic] interfered with [him] in his capacity as personal guarantor of the performance bond by not allowing SMC to complete its work [on the Erasmus Project]," and that Hugh McCarthy, former counsel for the SCA, "made public, slanderous statements against Gerasimowicz on a telephone call . . . ."  *Id.* ¶ 36, 40.  Finally, Gerasimowicz raises claims against both third-party defendants in connection with their "tortious interference with [his] ability to receive repayment from SMC of the sums he had loaned [to SMC], [their] fraudulent collusion and conspiracy with ASCIC to default the contract, and [their] unjust enrichment . . . ."  *Id.* ¶¶ 34, 42.

Both third-party defendants now separately move to dismiss the third-party complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1]  JCI argues that Gerasimowicz's breach of contract claim fails for lack of privity, that any claims that Gerasimowicz could raise in

---

[1] The SCA also moves to dismiss the third-party complaint for insufficient process pursuant to Rule 12(b)(4).  Because the third-party complaint is subject to dismissal under Rule 12(b)(6), the Court declines to consider this issue.  *Cf. Taylor v. Westor Capital Group*, 943 F.Supp.2d 397, 400 (S.D.N.Y. 2013) ("[D]ismissal under Rule 12(b)(6) renders unnecessary any further consideration of the parties' dispute over service of process under Rule 12(b)(5)").

connection with the JCI Contract are barred as a result of being assigned to ASCIC and released, and that Gerasimowicz fails to state a defamation claim. The SCA argues Gerasimowicz's claims must fail because he is attempting to untimely appeal an order of the bankruptcy court, he did not file a notice of claim against the SCA, he lacks standing to bring claims on behalf of SMC and is not in privity with the SCA, his claim for damages is speculative, and he otherwise fails to state a cause of action.

In opposition to the instant motions, Gerasimowicz has filed a letter stating only that he "fully stated [his] position in [his] Pleadings," and has "nothing further to add in response" to the SCA's motion to dismiss. Dkt. No. 83 at 1. Gerasimowicz does not address JCI's motion to dismiss.

## DISCUSSION

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Freidus v. Barclays Bank PLC*, 734 F.3d 132, 137 (2d Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

In this case, which is governed by New York law, Gerasimowicz's claims against both third-party defendants fail for several reasons. With respect to his breach of contract claim against JCI, the Court agrees with JCI that Gerasimowicz has not alleged that he was in privity of contract with JCI, and that Gerasimowicz lacks standing to sue for breach of the JCI Contract, which was between SMC and JCI. *See, e.g., Outrigger Constr. Co. v. Bank Leumi Trust Co. of N.Y.*, 240 A.D.2d 382, 383 (2d Dep't 1997) ("[T]he plaintiff may not assert a contractual cause of action against a party with whom it was not in privity."); *In re County Seat Stores, Inc.*, 280 B.R. 319, 325 (Bankr. S.D.N.Y. 2002) ("Pursuant to [11 U.S.C.] § 323, the trustee, and only the trustee, can sue and be sued on behalf of

the [bankruptcy] estate."). Moreover, even if Gerasimowicz had standing to raise a claim on behalf of SMC, SMC assigned its claims against JCI to ASCIC, and these assigned claims were settled and dismissed with prejudice in a separate action in this Court. TPC ¶¶ 13-16, Ex. 3. As a result, these claims are barred under the doctrine of *res judicata*. *See O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

Gerasimowicz's principal claim against the SCA stems from his allegation that the SCA refused to allow SMC to complete its work under the SCA Contract, which was backed by a performance bond that he had personally guaranteed. TPC ¶¶ 22-23, 36. The Court is unable to ascertain a cause of action that this allegation would support. To the extent this allegation suggests that the SCA wrongfully interfered with the contractual rights of SMC, it fails give rise to a cause of action on behalf of Gerasimowicz for the reasons already indicated. Furthermore, the Court takes judicial notice of the fact that, in an April 2013 stipulation among SMC's bankruptcy trustee, the SCA, and ASCIC that was "so ordered" by the bankruptcy court, SMC's trustee abandoned the SCA Contract after determining that the outstanding liens on the Contract exceeded the value of its remaining balance, rendering it a liability to the estate. *See* Dkt. No. 67, Ex. F (Stipulation and Order); *Jianjun Lou v. Trutex, Inc.*, 872 F.Supp.2d 344, 350 n.6 (S.D.N.Y. 2012) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*." (internal quotation marks omitted)). Gerasimowicz was required to raise his claims challenging the SCA's decision to abandon the SCA Contract in a timely appeal from the above stipulation and order filed in the bankruptcy court. *See* Fed. R. Bankr. P. 8001.

In any event, the SCA correctly notes that there is no indication that Gerasimowicz served a notice of claim on the SCA in accordance with N.Y. Public Authorities Law § 1744, and that the time limit within which he could have done so has expired. *See* N.Y. Public Authorities Law § 1744(1) (requiring notice of claim in action against the SCA for personal injury to be filed within the time limit prescribed by N.Y. General Municipal Law § 50-e); N.Y. General Municipal Law § 50-e(1) (requiring notice of claim to be filed within 90 days after the claim arises); N.Y. Public Authorities Law § 1744(2) (requiring notice of claim in action against the SCA for personal injury or tort relating to the construction of educational facilities to be served within three months after the claim accrues). As a result, Gerasimowicz's claims against the SCA must fail. *See, e.g., C.S.A. Contr. Corp. v. New York City School Constr. Auth.*, 5 N.Y.3d 189, 192 (2005) ("A timely notice of claim is a condition precedent to maintaining an action against SCA, and the plaintiff has the obligation to plead and prove that its notice of claim was served within [the applicable time period].").

Finally, Gerasimowicz has not articulated sufficient facts to support a claim for defamation or slander (*i.e.*, oral defamation) against either third-party defendant. Gerasimowicz alleges only that the SCA's former counsel "made public, slanderous statements against Gerasimowicz on a telephone call," and that a JCI Project Manager "stated that he would do everything in his power to put SMC out of business." TPC ¶¶ 28, 40. These allegations are woefully insufficient. *See, e.g., McNamee v. Clemens*, 762 F.Supp.2d 584, 599-600 (E.D.N.Y. 2011) (noting that, to state a defamation claim under New York law, a plaintiff must allege "1) a false statement, 2) that was published without privilege or authorization to a third party, 3) constitut[ing] fault as judged by, at a minimum, a negligence standard, and 4) [that] either caused a special harm or constituted defamation per se"); *Epifani v. Johnson*, 65 A.D.3d 224, 233 (2d Dep't 2009) (noting that a plaintiff raising a defamation claim must also "allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made"). Similarly, to the extent that Gerasimowicz raises claims

6

against both third-party defendants for "tortious interference," "fraudulent collusion and conspiracy," and unjust enrichment, TPC ¶¶ 34, 42, he has not articulated any facts that would support such claims, much less sufficient facts to state a claim for relief that is "plausible on its face," *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, JCI's and the SCA's motions to dismiss are granted and Gerasimowicz's third-party complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to terminate the motions pending at Docket Nos. 61 and 66.

SO ORDERED.

Dated: July 25, 2014  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge